1  Nick Barthel, Esq.
   BARTHEL LEGAL, APC
2  2173 Salk Ave., STE 250
3  Carlsbad, CA 92008
   T: (760) 259-0033
4  E: nick@barthelbarthel.com

5  *Attorneys for Plaintiff*

6

7              **UNITED STATES DISTRICT COURT**
           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

8

9    PETER FLACK,

10                    Plaintiff,

11              v.                              Civil Case No.:

12   BLOCK, INC.,                               **COMPLAINT**

13                                              **JURY TRIAL DEMANDED**
     and

14

15   U.S. BANK, NA
                      Defendants.

16

17        Plaintiff Peter Flack ("Mr. Flack" or "Plaintiff"), by and through his undersigned

18 attorneys, allege the following against Defendants Block, Inc. ("Block") and U.S. Bank, N.A.

19 ("US Bank") (collectively "Defendants").

20                        **I.      PRELIMINARY STATEMENT**

21

22        1.      This is an action for actual, statutory, treble and punitive damages, and

23 statutory attorney's fees and costs brought pursuant to the Electronic Fund Transfer Act

24 ("EFTA"), 15 U.S.C. § 1693 et seq., the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et*

25 *seq*., and the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666 *et seq*.

26

27        2.      On or about December 26, 2024, a criminal stole Plaintiff's wallet and cell

   phone.

3.      Among the items in the stolen wallet was Plaintiff's USAA Federal Savings

Bank credit card, a USAA Federal Savings Bank debit card, a US Bank debit card and a US

Bank credit card.

4.      The thief used Plaintiff's stolen cards and stole phone to make thousands of

dollars' worth of unauthorized charges and electronic fund transfers.

5.      Plaintiff timely disputed all the unauthorized credit card charges and/or

electronic fund transfers with non-party USAA Bank, Defendant US Bank and Defendant

Block, Inc.

6.      Non-party USAA Bank reversed the unauthorized credit card transactions and

reimbursed Plaintiff for the unauthorized electronic fund transfers; however, Defendant US

Bank and Defendant Block, Inc. unlawfully denied the Plaintiffs dispute.

7.      Plaintiff brings claims against both Defendants for violations of the EFTA and

against Defendant US Bank for violations of TILA and FCBA.

## II.      JURISDICTION AND VENUE

8.      The Court has jurisdiction pursuant to 15 U.S.C. § 1693m(g) and 28 U.S.C.

§ 1331.

9.      Jurisdiction over Plaintiff's claim for declaratory relief is conferred on this Court

by 28 U.S.C. § 2201.

10.      Venue is proper in this district because Defendant Block is headquartered in

this this District, a substantial part of the events and occurrences underlying this litigation

occurred within this District and both Defendants regularly conduct business in this District.

## III.      PARTIES

11.      Plaintiff Peter Flack is a natural person and citizen of the United States and

residing in Huntington, West Virginia.

12.      Plaintiff is a "consumer" as defined by both 15 U.S.C. § 1693a and 15 U.S.C. §

1602(i).

13.     Defendant Block, Inc. is a financial services merchant services aggregator and mobile payment company headquartered in San Francisco, California.

14.     Defendant Block is a "financial institution" within the meaning of the 15 U.S.C. § 1693a(9).

15.     Defendant Block, Inc. is also a provider of electronic fund transfer services. See 12 C.F.R. § 1005.14(a).

16.     Defendant US Bank, N.A. is a national banking association formed under the laws of the United States and was, at all times relevant to this Complaint, a financial institution as defined by 15 U.S.C. § 1693a(6).

17.     Defendant US Bank, NA, at all times relevant to this Complaint, is also a "creditor," as defined by 15 U.S.C. § 1602(g)

## IV.     FACTUAL ALLEGATIONS

18.     At all times relevant to this Complaint, Plaintiff had a U.S. Bank Platinum Checking account, account number ending 9118 ("Checking Account").

19.     Plaintiff's Checking Account was linked to a debit card, card number ending 2371 ("Debit Card").

20.     The Plaintiff also had a $2,500.00 reserve line of credit that provided overdraft protection for the Checking Account.

21.     In addition to the Checking Account, Plaintiff had a U.S. Bank Altitude® Go Vias Signature® Card, account number ending 1835 ("Credit Card").

22.     The Credit Card was tied to the Checking Account to provide additional overdraft protection.

23.     Cash App is a popular mobile payment software application wholly owned and operated by Defendant Block, Inc. that facilitates sending and receiving money via peer to peer

electronic fund transfers.

24.     At all relevant times, Plaintiff had a Cash App account.

25.     On December 26, 2024, Plaintiff's wallet and iPhone were stolen by Eric Mason.

26.     The Plaintiff's wallet contained Plaintiff's Debit Card, Credit Card, a credit card and debit card both issued by non-party USAA Federal Savings bank, his social security card and a small amount of cash.

27.     Plaintiff did not learn of the theft until the morning of December 27, 2024.

28.     Upon discovering the theft, Plaintiff went to the Huntington Police Department and reported the theft.

29.     Plaintiff then went to a local US Bank branch to report the theft of the Debit Card, Credit Card and his phone. At this time, Plaintiff learned of the unauthorized electronic funds transfers and unauthorized credit card transactions.

30.     Specifically, he discovered that Eric Mason made unauthorized electronic fund transfers totaling $9,190.00 from Plaintiff's Checking account via Cash App.

31.     At the time of the unauthorized transactions, there were insufficient funds in the Plaintiff's Checking Account to cover all the unauthorized Cash App transactions; therefore, $2,500.00 of the unauthorized transactions were paid by the Plaintiff's reserve line of credit overdraft protection.

32.     The reserve line of credit overdraft protection was insufficient to cover the remainder of the unauthorized transactions; therefore, the Credit Card provided an additional $4,650.00 of overdraft protection.

33.     Plaintiff then discovered that Eric Mason had made additionally unauthorized transactions with his USAA credit and debit cards.

34.     On or about December 27, 2024, Plaintiff disputed the unauthorized transaction with US Bank and non-party USAA.

35.    On December 30, 2024, US Bank issued provisional credit in the amount of $4,650.00 for the unauthorized Credit Card charges.

36.    On January 2, 2025, US Bank issued a provisional credit of $9,190.00 for the unauthorized electronic fund transfers that were made via Cash App by Eric Mason.

37.    On January 3, 2025, US Bank denied the Plaintiff's dispute with regard to the $4,650.00 Credit Card transactions stating that: "[t]he funds were transferred from the credit card ending 1835 to another account you own; therefore, your received a benefit from the transactions."

38.    The provisional credit was removed, leaving the Plaintiff responsible for the repayment of $4,650.00 in unauthorized charges.

39.    The Plaintiff did not authorize or benefit from the $4,650.00 Credit Card transaction.

40.    One January 3, 2025, only one day after issuing a provisional credit for the $9,190.00 of unauthorized electronic fund transfers, US Bank denied Plaintiff's dispute and reversed the provisional credit.

41.    The Plaintiff did not authorized or benefit from the $9,190.00 unauthorized electronic funds transfers.

42.    Plaintiff also disputed the $9,190.00 of unauthorized Cash App electronic fund transfers with Defendant Block; however, that dispute was also denied.

43.    After completing their investigation into the disputed transactions, on or about January 30, 2025, non-party USAA determined that unauthorized transactions did in fact occur; therefore, USAA correctly made the provisional credits permanent.

44.    Defendant US Bank continues to hold the Plaintiff responsible for the repayment of the unauthorized $2,500.00 reserve line of credit overdraft charge.

45.    The reserve line of credit debt continues to accrue interest and fees.

46.     Defendant US Bank continues to hold the Plaintiff responsible for the repayment of the unauthorized $4,650.00 Credit Card charge.

47.     The Credit Card charge continues to accrue interest and fees.

48.     Eric Mason has been arrested and upon information and belief, has been charged with crimes of theft and the unauthorized access and use of his banking information.

49.     As a result of Defendants refusal to reimburse the stolen funds and refusal to reverse the charges, the Plaintiff has suffered a direct financial injury.

50.     Plaintiff has expended substantial time and effort attempting to resolve this matter with Defendants including filing disputes with Defendants and working with law enforcement.

51.     Plaintiff has suffered emotional distress, anxiety, and anguish as a result of the theft of his funds and Defendants' refusal to provide the protections afforded to him under law.

## V.     FIRST CLAIM FOR RELIEF
### (As to both Defendants)
### Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq*.)

52.     Plaintiff repeats and re-alleges each of the foregoing paragraphs of 1 through 51 of this Complaint as if fully set forth herein.

53.     Per the EFTA, Regulation E, and Regulation E's Official Interpretations, Defendants bear the responsibility for unauthorized transfers and withdrawals such as the ones in question.

54.     Pursuant to 15 U.S.C. § 1693g(a), "Unauthorized electronic fund transfers; limit" states in relevant part as follows:

> In no event. . . shall a consumer's liability for an unauthorized transfer exceed the lesser of-
>
> (1) $50; or
>
> (2) the amount of money or value of property or services obtained in such, unauthorized electronic fund transfer prior to the time the financial institution is notified of, or otherwise becomes aware of, circumstances which lead to the reasonable belief that an unauthorized

electronic fund transfer involving the consumer's account has been or
may be effected.

55.    Thus, the consumer's liability for unauthorized use is generally capped at a

maximum of $50 for unauthorized transfers.

56.    This cap is increased to $500 dollars where the consumer waits more than two

business days after becoming aware of the unauthorized transaction to notify the financial

institution. 15 U.S.C. 1693g(a)(2).

57.    The rules are elucidated in Regulation E, 12 C.F.R. § 1005.6(b):

> (b) Limitations on amount of liability. A consumer's liability for an
> unauthorized electronic fund transfer or a series of related
> unauthorized transfers shall be determined as follows:
>
> > (1) Timely notice given. If the consumer notifies the financial
> > institution within two business days after learning of the loss or
> > theft of the access device, the consumer's liability shall not exceed
> > the lesser of $50 or the amount of unauthorized transfers that occur
> > before notice to the financial institution.
> >
> > (2) Timely notice not given. If the consumer fails to notify the
> > financial institution within two business days after learning of the
> > loss or theft of the access device, the consumer's liability shall not
> > exceed the lesser of $500 or the sum of:
> >
> > > (i) $50 or the amount of unauthorized transfers that occur
> > > within the two business days, whichever is less; and
> > >
> > > (ii) The amount of unauthorized transfers that occur after the
> > > close of two business days and before notice to the institution,
> > > provided the institution establishes that these transfers would
> > > not have occurred had the consumer notified the institution
> > > within that two-day period.

58.    Denials based on a consumer's alleged negligence are expressly prohibited under

the EFTA's implementing regulations. See Consumer Financial Protection Bureau, Comment for

1005.6 Liability of Consumer for Unauthorized Transfers, 6(b)(2) ("Negligence by the consumer

cannot be used as the basis for imposing greater liability than is permissible under Regulation E.

Thus, consumer behavior that may constitute negligence under state law, such as writing the PIN

on a debit card or on a piece of paper kept with the card, does not affect the consumer's liability

for unauthorized transfers.")

59.     Under the EFTA, consumers who are tricked into providing account access by a scammer posing as a bank employee are not liable for the transactions initiated by the scammer, which are unauthorized electronic fund transfers under § 1693a(12). *See, e.g.*, Official Interpretation of Regulation E, 12 C.F.R. § 1005.2(m)(3) ("Access device obtained through robbery or fraud. An unauthorized EFT includes a transfer initiated by a person who obtained the access device from the consumer through fraud or robbery.").

60.     Thus, Defendants' failure to reimburse Plaintiff is patently unlawful and in violation of Section § 1693g.

61.     Defendants stated basis for denial is also invalid under the EFTA.

62.     The EFTA places the burden of proof on the financial institution to demonstrate that challenged transfers were authorized. 15 U.S.C. § 1693g(b).

63.     Defendants cannot meet its burden of proof here, where Plaintiff:

a)  Promptly disputed the transactions;

b)  Immediately reported the theft of his wallet and phone to the police;

c)  Provided details regarding the circumstances of the theft of his cards and phone and the subsequent unauthorized transactions and electronic fund transfers;

d)  Has no criminal history;

e)  Has no history of filing false disputes;

64.     Defendants also violated the EFTA by failing to provide any meaningful explanation of the grounds upon which it relied in denying Plaintiff's claim. 15 U.S.C. § 1693f(d). *See* CFPB Supervisory Highlights, Issue 22, Summer 2020, Section 2.3.3 ("Financial institutions must go beyond just providing the findings to actually explain or give the reasons for

or cause of those findings.").

65.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages, including but not limited to past and future monetary loss, past and future mental distress, emotional anguish, and other damages that will be presented to the trier of fact.

66.     Defendants did not conduct a good faith investigation regarding the stolen funds.

67.     Defendants did not have a reasonable basis for believing the account was not in error based on the evidence Plaintiff provided to Defendants.

68.     Specifically, Defendants' conduct as set forth herein constitutes a failure to investigate in good faith and a failure to establish a reasonable basis for believing that Plaintiff's account was not in error, and also constitutes a knowing and willful conclusion that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the available evidence, and for this reason constitutes a violation of 1693f(e), entitling Plaintiff to treble damages in addition to all other relief sought herein.

69.     As a direct and proximate result of Defendants' violations of the EFTA, Plaintiff is entitled to declaratory judgment, actual damages, statutory damages, treble damages, costs and reasonable attorneys' fees.

### VI.     SECOND CLAIM FOR RELIEF
#### (As to Defendant US Bank)
#### Truth In Lending Act, 15 U.S.C. § 1601, et seq.

70.     Plaintiffs repeat and re-allege and incorporate by reference paragraphs 1 through 51 as if fully set forth herein.

71.     Pursuant to 15 U.S.C. § 1643, "cardholders" such as Plaintiffs are liable for the unauthorized use of a credit card only if, among other things, "the liability is not in excess of $50." 15 U.S.C. § 1643(a)(1)(B).

72.     The Unauthorized Transaction(s) to Plaintiffs' Credit Cards in the total amount of $28,893.39, exceeds $50.

73.     Even though Plaintiff is not liable for the Unauthorized Transaction(s) under 15 U.S.C. § 1643, Defendant has unlawfully attempted to hold Plaintiffs responsible for the Unauthorized Transaction(s) plus associated fees in violation of TILA.

74.     As a result of Defendant's violation of TILA, Plaintiff is entitled to actual damages, including but not limited to being held unlawfully liable for the unauthorized charges, payment for debt service on the unauthorized charges, and emotional distress, statutory damages, declaratory judgment that Defendant has violated the statute, reasonable attorneys' fees, and costs

## VII.    THIRD CLAIM FOR RELIEF
### (As to Defendant US Bank)
### Fair Credit Billing Act, 15 USC § 1666, et seq.

75.     Plaintiffs repeat and re-allege and incorporate by reference paragraphs 1 through 51 as if fully set forth herein.

76.     Plaintiff timely disputed the unauthorized Credit Card transactions with Defendant.

77.     Defendant did not conduct a reasonable investigation of the unauthorized transactions.

78.     A reasonable investigation would have included review of one or more of the following items, which would have led Defendant to conclude that the unauthorized transactions were, in fact, fraudulent:

    a)  Documentation provided by Plaintiff to Defendant;

    b)  Lack of receipt of goods or services related to the unauthorized transaction;

    c)  The unauthorized transaction was wholly inconsistent with the history relative to the Plaintiff's use of the Credit Card;

    d)  Plaintiff making a police report.

79.     In short, any reasonable investigation of the charge would have resulted in their permanent removal from the Credit Card account.

80.     Defendant's unreasonable investigation and its refusal to credit the account as set forth above constitute violations of the FCBA. These violations include, without limitation:

    a)  Unlawfully charging Plaintiffs for transaction that was clearly not authorized;

    b)  Failing to adequately investigate the dispute and correct Plaintiff's statement by permanently reversing the charge related to the unauthorized credit card transaction;

    c)  Failing to set forth a valid reason why Defendant believes Plaintiff to be liable for the unauthorized Credit Card transaction; and

    d)  Failing to cease billing and collection activity upon notification by Plaintiff that the unauthorized Credit Card transaction was disputed.

81.     As a result of Defendant's violations of the FCBA, Plaintiff is entitled to actual damages, including but not limited to being held unlawfully liable for the unauthorized charge, damage to credit, and emotional distress, statutory damages, declaratory judgment that Defendant has violated the statute, reasonable attorneys' fees, and costs.

## VIII.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seek(s) judgment in his favor and damages against Defendants:

    A.     Awarding Plaintiff actual damages, treble damages, statutory damages, punitive damages, costs, and reasonable attorneys' fees; and

    B.     such other and further relief, including equitable, declaratory and injunctive relief, as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demand(s) a trial by jury of all issues triable by jury.

Dated: December 23, 2025

1

2                                                    /s/Nick Barthel, Esq.
                                                     Barthel Legal, APC
3                                                    2173 Salk Ave., STE 250
                                                     Carlsbad, CA 92008
4                                                    T: (760) 259-0033
                                                     E: nick@barthelbarthel.com
5

6                                                    *Attorneys for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27